UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANDY D. PITTMAN,

    Plaintiff,

v.

WELLS FARGO N.A., et al.,

    Defendants.

Case No. 23-cv-03699-JSW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a federal prisoner incarcerated in North Carolina, filed a complaint against a bank and a credit card company: Wells Fargo Bank and Visa, Inc. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## ANALYSIS

**A. STANDARD OF REVIEW**

Where, as here, a civil action is commenced by a plaintiff proceeding pro se: "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff alleges Defendants failed to reimburse him for approximately sixteen thousand dollars in charges he contends are fraudulent.  He claims this breached his contract with Defendants.  Plaintiff does not attach or allege what contract(s) he had with Defendants, whether such contracts were written or oral, or the terms of such contracts that Defendants' actions may have breached.  As a result, he has not sufficiently alleged a plausible claim that they breached a contract.  Plaintiff is cautioned that if the contract limits damages for any breach to amount below $75,000, there may not be a sufficient amount in controversy to provide jurisdiction over his claim under 28 U.S.C. § 1983.  Plaintiff has not alleged a basis for punitive damages, either.  He must do so in order to proceed with such claims.

Plaintiff may attempt to cure these deficiencies in an amended complaint, assuming he can do so in good faith.

**CONCLUSION**

1.    The complaint is DISMISSED with leave to amend.

2.    Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**.  The amended complaint **must** include the caption and civil case number used in this order (No. C 23-3699 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page.  Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue.  <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

3.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 29, 2024

_____
JEFFREY S. WHITE
United States District Judge